S. C. ALLEN, doing business under the name of ALLEN & ROBINSON, *v.* G. W. LINCOLN and H. E. COOPER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 4, 1899.          DECIDED MAY 4, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY, IN PLACE OF JUDD, C.J., ABSENT.

Under the material-man's lien law, where there is a presumption that materials furnished to be used in a building were used in the building, proof that a portion of the materials were not so used does not as matter of law destroy the presumption as to the remainder of the materials.

OPINION OF THE COURT BY FREAR, J.

The plaintiff furnished materials of the value of $2666.67 at the request of defendant Lincoln, a contractor, to be used in a dwelling house and cottage owned by defendant Cooper. This action was brought to obtain a judgment for this amount against the contractor personally and to enforce a material-man's lien therefor against the buildings owned by Cooper. The jury found against the contractor, but for the owner. But on plaintiff's motion the trial judge granted a new trial on the ground that the verdict was contrary to the law and the evidence, and the case now comes here on defendant Cooper's exception to this ruling.

If the materials furnished for the cottage, which were valued at $331.25, were alone involved, the verdict for the defendant Cooper would have to be sustained on the ground that the instructions of the court permitted and there was sufficient evidence to support a finding that notice of the lien was not filed

within three months after the completion of the building, as required by the statute. Civ. L. Secs. 1742, 1745.

As to the materials furnished for the dwelling house, which were valued at $2335.42, the court charged that the notice of the lien was filed within three months after the completion of the building, and the only question now presented is whether the jury could properly find that none of the materials went into the building. Proof that the materials were ordered for the building, that they were furnished for the building and that they were delivered at the building, is at least *prima facie* proof that they were put into the building, within the meaning of the statute. *Allen & Robinson v. Redward,* 10 Haw. 151, 158. In this case all these things were shown and there was further the testimony of the contractor that all the materials so furnished did in fact go into the building except certain items, valued at $28.13, which were lost in some way. The defendant concedes that there is a presumption that the materials furnished for the building were actually put into it, but contends that that presumption was rebutted by proof that some of the materials did not go into the building, and that it was then incumbent upon the plaintiff to prove, specifically and independently of the presumption, just what materials did in fact go into the building. In our opinion, where there is a presumption that all the materials went into the building, proof that some of them did not go into the building does not destroy as matter of law the presumption as to the remainder of the materials.

The exceptions are overruled.

*Kinney, Ballou & McClanahan* for the plaintiff.

*H. E. Cooper* for himself, *Magoon & Silliman* with him.